IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NICHOLAS RUSK,<br>　　　Plaintiff,<br><br>v.<br><br>KEVIN E. JOHNSON,<br>　　　Defendant. | Case No. 1:25-cv-01232-JEH |

### Order

Plaintiff, proceeding *pro se* and presently detained at the Tazewell County Jail, pursues an action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Doc. 1). Plaintiff filed a Petition to Proceed *in forma pauperis*. (Doc. 2).

Title 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The district court applying this section must make its own determination regarding whether previous dismissals count as "strikes." *Hill v. Madison Cnty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020).

The Court's review of Plaintiff's litigation history discloses three dismissals. In *Rusk v. Peoria Cnty. Sheriff's Dep't*, No. 21-1284 (C.D. Ill.), Plaintiff alleged that he was unable to pay the impound fee for his truck following an arrest under state

law. *Id.*, Doc. 1. The Court dismissed Plaintiff's complaint after finding that Plaintiff failed to state a constitutional or other federal claim. *Id.*, Doc. 11.

In *Rusk v. Peoria Cnty. Pub. Def. Off.*, No. 23-1105 (C.D. Ill.), Plaintiff sued his former public defenders for their involvement in his state criminal charges. *Id.*, Doc. 1. The Court dismissed Plaintiff's complaint because public defenders are not state actors under § 1983. *Id.*, Doc. 8.

In *Rusk v. Peoria Cnty.*, No. 23-1355 (C.D. Ill.), Plaintiff sued the judge presiding over his lawsuit in the Illinois Court of Claims, alleging that the judge failed to conduct a hearing. *Id.*, Doc. 1. The Court dismissed Plaintiff's complaint because judges are entitled to absolute immunity for actions taken in their judicial capacity. *Id.*, Doc. 6.

The Court finds that each of these dismissals counts as a strike pursuant to § 1915(g). Accordingly, Plaintiff may proceed *in forma pauperis* only if he alleges that he is under imminent danger of serious physical injury.

The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat ...is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Furthermore, the harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice. *Heimermann*, 337 F.3d at 782. The second prong, danger, must be of "serious physical injury." § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008).

Plaintiff's Complaint names the Tazewell County State's Attorney, Kevin Johnson, as the sole Defendant. (Doc. 1). Plaintiff alleges that Defendant violated Illinois law because his bond hearing was not held within twenty-four hours, and he is being detained on "very false charges." (Doc. 1 at p. 5). Plaintiff also claims

2

that "[t]he people in this courthouse are S.M.I without any doubts," and "Alabama can't come soon enough." *Id.*

Plaintiff's allegations do not permit a plausible inference that he faces an imminent danger of serious physical harm. The Court finds that Plaintiff does not satisfy the requirements of the imminent danger exception to § 1915(g). Plaintiff's Petition to Proceed *in forma pauperis* (Doc. 2) is denied.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Petition to Proceed *in forma pauperis* [2] is DENIED. Plaintiff is DIRECTED to pay the $405.00 filing fee in full within 21 days of this Order. Failure to do so will result in dismissal of this case without prejudice.**

*It is so ordered.*

Entered: June 11, 2025

s/Jonathan E. Hawley
U.S. District Judge